UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

IN THE MATTER OF:  
JAMES MICHAEL OLENSKI, Debtor(s).  
_____/

CHAPTER 13  
CASE NO. 09-68779-WSD  
JUDGE WALTER SHAPERO

## TRUSTEE'S OBJECTIONS TO CONFIRMATION OF CHAPTER 13 PLAN

**NOW COMES,** the Chapter 13 Trustee, Tammy L. Terry, and objects to confirmation of the Chapter 13 Plan in the above matter pursuant to E.D. Mich. L.B.R. 3015-3(a) and 11 U.S.C. §1307(c)(5) as follows:

1. As of today, the Trustee has not received a true copy of the debtor's Payment Order, or an Electronic Transfer of Funds Payment Order, in contravention of E.D. Mich. L.B.R. 1007-1(c).

2. The Plan fails to provide that 100% of all future tax refunds received by the debtor during the pendency of the Plan be remitted to the Trustee for distribution among creditors in contravention of 11 U.S.C. 1325(b)(1)(B) and In re Freeman, 86 F.3d 478 (6th Cir., 1996).

3. The debtor indicates on Schedule E that the Michigan Department of Treasury has a claim for 2006 sales tax in the amount of $1,224.32. However, the debtor testified at the §341 First Meeting of Creditors that Schedule E is incorrect and this should be listed as the Internal Revenue Service. The Trustee requests that the debtor amend Schedule E accordingly.

4. The Trustee objects to the debtor's order of payment of claims language as it is not clear how the Trustee is to treat class 5 claims. The Trustee requests that the debtor amend the Plan to clarify this no later than twenty-one (21) days prior to confirmation.

5. The Trustee requests that the debtor(s) provide copies of three (3) post-petition pay stubs no later than seven (7) days prior to confirmation.

6. The debtor's(s') Plan fails to provide that all of the debtor's(s') projected disposable income be utilized to fund the Plan. Specifically, the debtor's(s') Schedule J has overstated the following expense(s) in contravention of 11 U.S.C. 1325(a)(3) and/or 11 U.S.C. 1325(b):

   a. Homeowners insurance - $100.00 a month.  
   b. Health insurance - $200.00 a month.

The Trustee requests that the debtor provide proof of these expenses at least fourteen (14) days prior to confirmation.

**WHEREFORE,** the Chapter 13 Trustee prays this Honorable Court deny confirmation of the debtor's (s') Chapter 13 Plan and dismiss this case pursuant to 11 U.S.C. §1307(c)(5).

OFFICE OF THE CHAPTER 13 TRUSTEE-DETROIT
Tammy L. Terry, Chapter 13 Trustee

November 5, 2009

/S/ TAMMY L. TERRY (P-46254)
Chapter 13 Standing Trustee
/s/ KIMBERLY SHORTER - SIEBERT (P-49608)
/s/ MARILYN R. SOMERS-KANTZER (P-52488)
Staff Attorneys
535 Griswold, Suite 2100
Detroit, MI 48226
(313) 967-9857
mieb_ecfadmin@det13.net

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

IN THE MATTER OF:  CHAPTER 13
 CASE NO. 09-68779-WSD
JAMES MICHAEL OLENSKI, Debtor(s). JUDGE WALTER SHAPERO
_____/

## CERTIFICATE OF MAILING

I hereby certify that on November 5, 2009, a copy of **TRUSTEE'S OBJECTIONS TO CONFIRMATION OF CHAPTER 13 PLAN** was electronically filed with the Clerk of Court, served electronically to the debtor's attorney and a copy of same deposited in the U. S. Mail to the debtor (s) at the address as it appears below.

/s/ *Juatane E. Miller*
For the Office of the Chapter 13 Trustee-Detroit
535 Griswold, Suite 2100
Detroit, MI 48226
(313) 967-9857
mieb_ecfadmin@det13.net

JAMES MICHAEL OLENSKI
45594 BIRCHCREST
UTICA, MI 483170000

WILLIAM R ORLOW
24100 WOODWARD AVE
PLEASANT RIDGE, MI 480690000